## UNITED STATES

v.

**Joseph D. SANTONGE, III, 489 72 0785, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 80 2399.**

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Feb. 1980.

Decided 27 March 1981.

4. *See* footnote 1, *supra*.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LT Joseph G. Van Winkle, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and EDWARDS, JJ.

PER CURIAM:

In this case, the approved sentence imposed by a military judge sitting as a special court-martial includes a fine and forfeitures. Appellant asserts that the military judge erred to his substantial prejudice by adjudging such a sentence. The Government concedes error and we agree.

In reaching this conclusion, we reaffirm the rationale expressed in *United States v. Bevans*, No. 76 1131 (NCMR 30 June 1976) (unpublished), and followed in *United States v. Baker*, No. 77 0614 (NCMR 16 September 1977) (unpublished).

Paragraph 126*h*(3), *Manual for Courts-Martial, 1969 (Rev.)*, provides, in part, that:

*All courts-martial have the power to adjudge fines instead of forfeitures* in cases involving members of the armed forces. *General courts-martial have the further power to adjudge fines in addition to forfeitures* in appropriate cases. See Section B, 127*c*. Special and summary courts-martial may not adjudge any fine in excess of the total amount of forfeitures which may be adjudged in a case. (Emphasis supplied). This provision was interpreted in *Bevans* as follows:

A plain and unambiguous statute is to be applied and not interpreted, *United States v. Sosville*, 22 U.S.C.M.A. 317, 46 C.M.R. 317 (1973). The Manual provision by its terms permits only a General Court-Martial to adjudge fines in addition to forfeitures. While the forfeiture and fine in the case at bar did not exceed two-thirds pay per month, a special court-martial cannot adjudge the two types of monetary penalty in the same sentence. *United States v. Bevans, supra* (slip opinion at 2).

Accordingly, the $500 fine is set aside. The findings and so much of the sentence approved below are affirmed as provides for a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $200.00 per month for 6 months and reduction in pay grade to E–1, with confinement at hard labor in excess of 90 days and forfeitures in excess of $200.00 per month for 3 months suspended as directed by the convening authority. All rights, privileges and property of which the accused has been deprived by virtue of the fine which has been set aside will be restored.